OPINION
{¶ 1} In this appeal, defendant-appellant, Richard B. Fernbach, challenges his nonminimum, consecutive prison terms for multiple felony convictions in the Warren County Common Pleas Court.
 {¶ 2} In Case No. 05CR22343, appellant pled guilty to one count of second-degree felonious assault and was sentenced to a nonminimum term of four years in prison. In Case No. 05CR22570, appellant was convicted of third-degree felonies of intimidation of a witness and violation of a protective order, and a fifth-degree felony charge of violation of a protective order. On each of the third-degree felony charges, appellant received a three-year nonminimum term, and an 11-month nonminimum term on the fifth-degree felony. The court ordered these three terms to be served concurrently, but consecutive to the four-year term in Case No. 05CR22343 for an aggregate prison term of seven years.
 {¶ 3} On appeal, appellant presents one assignment of error which claims that his sentence violated the mandate of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.[1]
 {¶ 4} In Foster, the Ohio Supreme Court found that by imposing nonminimum or consecutive sentences pursuant to Ohio sentencing guidelines, the trial court engaged in fact-finding found unconstitutional in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 5} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Foster at ¶ 104. Given that unconstitutional sentencing provisions were utilized by the trial court in this case, we must remand this case for resentencing consistent with Foster. On remand, the trial court will have full discretion to impose sentences within the statutory range and is no longer required to make findings or give reasons for imposing consecutive or more than minimum sentences.
 {¶ 6} Appellant's assignment of error is sustained. The judgment of the trial court is reversed as to sentencing, and the case is remanded for resentencing in Case Nos. 05CR22343 and 05CR22570.
Powell, P.J., and Walsh, J., concur.
[1] Counsel for appellant originally filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, claiming he could not find any errors prejudicial to the rights of appellant upon which an assignment of error could be predicated. At appellant's insistence, counsel filed an amended brief assigning as error the imposition of nonminimum consecutive sentences.